Dear Mayor Goldsby:
This office is in receipt of your request for an Attorney General's Opinion regarding the Town of Amite's responsibility for the collection of the amount paid for individual health insurance policy premiums paid on behalf of an employee and an alderman who were previously provided such policies by the Town of Amite, in light of Attorney General's Opinion No. 05-0049 addressed to you on March 18, 2005.
Opinion No. 05-0049 determined that the Town of Amite is authorized to pay all or a portion of the premiums for health insurance for its employees and officials, including its aldermen, but only with respect to "policies of group
insurance". With respect to individual polices Opinion No. 05-0049 states:
 "The Town of Amite is not authorized to provide, either in whole or in part, a separate or individual policy of health insurance for any of its employees or officials, even if the cost of the individual policy is equal to or less than the cost of providing the employee or official with coverage under the Town's group policy."
As noted to you in Opinion No. 05-0049, Article VII, Section14(A) of the 1974 Louisiana Constitution generally prohibits the loan, pledge and/or donation of public funds, credit and property to any person, association or corporation, public or private. Previous opinions of this office have determined that this constitutional provision requires public bodies to exercise reasonable means to recover erroneous payments, overpayments and the like, when made to public employees. Attorney General's Opinions Nos. 03-0444; 01-63; 88-169.
On the other hand, Attorney General's Opinion No. 04-0255 determined that a Levee District did not need to seek reimbursement for payments made to a commissioner who was never confirmed by the Senate. Therein, we stated that the District's Board of Commissioners was not mandated to seek reimbursement after the end of the legislative session and the Senate's failure to confirm the commissioner, ". . . as the payments were made through a mistake of both the board and the appointee . . ." In reaching that determination Opinion No. 04-0255 referred to Attorney General's Opinion No. 90-136, which determined that a municipality was not obligated to seek reimbursement of retroactive compensation made to city employees if the municipality and the employees were acting in good faith in making and receiving those payments.
This office has no reason to suspect bad faith on behalf of the Town or Amite or the employee or alderman with respect to the individual policy premiums paid on behalf of the employee and alderman. However, as this office is not a finder of fact, we are not in a position to definitively advise you in that regard. We note that that the Town did not provide the employee or the alderman with the group coverage that they would otherwise have been entitled to, something the Town appears to have been obligated to do.
In our opinion that the Town, perhaps with it's legal counsel's assistance, should properly evaluate whether or not it would be in the Town's best interest to pursue recovery in light of the good or bad faith of the Town and its employee and alderman in providing and receiving individual health coverage, as well as the Town's potential exposure for the cost of coverage which would otherwise have been provided to these two individuals. Assuming it is determined that all parties acted in good faith with respect to the Town's provision of individual coverage, it is our opinion that the Town of Amite is not obliged to seek reimbursement of the amounts it paid for health insurance on behalf of the two individuals in question.
We trust the foregoing to be of assistance. If you have any questions, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General